# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| **MATHEW ROGERS,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**DUKE & CO, LLC d/b/a DYNAMIC CAPITAL**<br><br>*Defendant.* | Case No. 3:25-cv-00963<br><br>**PLAINTIFF'S MOTION TO COMMENCE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE**<br><br>Honorable Chief Judge<br>William L. Campbell, Jr<br><br>Honorable Magistrate<br>Judge Luke A. Evans |

Plaintiff Mathew Rogers, pursuant to Federal Rule of Civil Procedure 26(d)(1), respectfully moves this Court for leave to conduct discovery prior to a Rule 26(f) conference. In support, Plaintiff states as follows:

1. Plaintiff filed his Class Action Complaint on August 25, 2025, alleging that Defendant Duke & Co, LLC d/b/a Dynamic Capital ("Defendant") willfully violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., and its implementing regulations, 47 C.F.R. § 64.1200 et seq., by using an artificial or prerecorded voice in connection with advertising and telemarketing calls to Plaintiff and members of the putative Class despite their telephone numbers being listed on the National Do Not Call Registry. (Dkt. 1).

2. The TCPA provides for statutory damages in the amount of $500 for each violation of the TCPA and implementing regulations, and up to $1,500 for each willful violation. 47 U.S.C. § 227(b)(3). Plaintiff seeks statutory damages for himself and on behalf of the class. (Dkt. 1, ¶ 54).

3. Defendant was properly served on October 10, 2025, via its registered agent at 333 SE 2nd Ave., Suite 2000, Miami, Florida 33131. (Dkt. 17).

4. Despite valid service, Defendant failed to file a responsive pleading by its October 31, 2025 deadline. After being advised by Plaintiff's counsel of its responsive pleading date, Defendant, through an individual identifying himself as "Greg Mora" of Dynamic Capital, claimed service was invalid and requested a waiver of service on November 7, 2025. (Dkt. 19, ¶¶ 3-4). Plaintiff's counsel promptly provided proof of valid service and offered a two-week extension to respond. (*Id.* at ¶ 5). Defendant ignored that extension, failed to respond by November 21, 2025, and failed to respond after being advised that Plaintiff would seek entry of default on December 1, 2025. (*Id.* at ¶¶ 6-7). Defendant did not file a responsive pleading or appearance. (*Id.* at ¶ 8). Accordingly, Plaintiff filed a Motion for Default Against Defendant on December 2, 2025, which was entered thereafter. (*See generally* Dkts. 18-20).

5. Plaintiff seeks to file a Motion for Default Judgment on behalf of himself and the putative Class, which still must be certified. Once a defendant is in default, a court may enter a default judgment against that party. Fed. R. Civ. P. 55(b)(2). However, a motion default judgment requires Plaintiff to provide an accurate estimation of the damages at issue. Fed. R. Civ. P. 55(b)(2)(B).

6. To provide an accurate estimation of his individual damages and those of the putative Class, it is necessary for Plaintiff to obtain discovery regarding (1) the class in order to seek class certification; (2) the number of calls to each class member in order to obtain a default judgment for the class; and (3) the number of calls to Plaintiff in order to obtain a default judgment for Plaintiff. *See, e.g., Scofield v. Nat'l Tax Advisory Servs. LLC*, 2022 U.S. Dist. LEXIS 240467, *5 (C.D. Dec. 19, 2022) (in a class action alleging violations of the TCPA, granting Plaintiff leave "to conduct discovery to learn the identities and contact information of persons whom Defendant

purportedly called and the dates and quantities of those calls" prior to filing a motion for default judgment.)

7. Because Defendant has neither answered nor appeared and has demonstrated an intent to avoid participation in this case despite actual notice of the lawsuit, Rule 26(d)(1) prevents Plaintiff from seeking the discovery needed to obtain a class certification and a default judgment, absent Court order. Under Rule 26, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1).

8. Trial courts have broad discretion in granting or denying discovery, including in circumstances like these. *Santos ex rel. Santos v. City of Culver City*, 228 Fed. App'x 655, 657 (9th Cir. 2007) ("broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.") (citations omitted).

9. While the entry of default "conclusively establishes" liability, *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990), a default, by itself, does not establish the amount of damages. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). Entry of a default judgment requires evidence establishing the amount due. *See* Fed. R. Civ. P. 55(b); *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (citation omitted) ("Federal law…requires a judicial determination of damages absent a factual basis in the record. To that end, Rule 55(b)(2)…provides that…a district court may conduct an evidentiary hearing 'to determine the amount of damages or to establish the truth of any averment by evidence.'").

3

Case 3:25-cv-00963    Document 21    Filed 02/23/26    Page 3 of 7 PageID #: 78

10. Thus, discovery should be allowed given the entry of default because it is necessary to determine the amount of Plaintiff's and the Class's damages. Numerous courts have authorized discovery on the issue of damages after the entry of default. *See, e.g., Nutrition Distrib. LLC v. IronX LLC*, 2017 U.S. Dist. LEXIS 164077, at *3 (S.D. Cal. Oct. 3, 2017) (collecting cases); *Oakley, Inc. v. Moda Collection, LLC*, 2016 U.S. Dist. LEXIS 191048, at *19 (C.D. Cal. June 9, 2016); *Alstom Power, Inc. v. Graham*, 2016 U.S. Dist. LEXIS 10112, at *6 (E.D. Va. Jan. 27, 2016); *Adobe Sys. Inc. v. Bunhey*, 2013 U.S. Dist. LEXIS 198095, at *3 (C.D. Cal. Oct. 29, 2013); *Twitch Interactive, Inc. v. Johnston*, 2017 U.S. Dist. LEXIS 44863, at *5 (N.D. Cal. Mar. 27, 2017); *Texas Guaranteed Student Loan Corp. v. Dhindsa*, 2010 U.S. Dist. LEXIS 65753, at *7 (E.D. Cal. June 9, 2010); *DIRECTV, Inc. v. Guzzi*, 308 F. Supp. 2d 788, 790-91 (E.D. Mich. 2004).

11. Moreover, discovery is particularly appropriate here considering Defendant had actual notice of the lawsuit, attempted to dispute valid service despite proof to the contrary, requested a waiver after service was completed, ignored a courtesy extension, and then ceased communication altogether. (*See generally* Dkt. 19 and the accompanying exhibits).

12. Additionally, the Court cannot grant the Motion for Default Judgment until class members have been notified and given an opportunity to opt out of the class. In rendering any judgment in a class action, a court must "include and specify or describe those to whom the Rule 23(c)(2) notice was directed, who have not requested exclusion, and whom the court finds to be class members." Fed. R. Civ. P. 23(c)(3)(B).

13. Therefore, in the class action context, it is well established that, following default, a plaintiff should be allowed to take class discovery and seek class certification to obtain a default judgment on behalf of the entire class. *See, e.g., Scofield v. Nat'l Tax Advisory Servs. LLC*, 2022 U.S. Dist. LEXIS 240467, *5 (C.D. Dec. 19, 2022) (in a class action alleging violations of the

TCPA, granting Plaintiff leave to conduct class discovery prior to filing a motion for default judgment) *Williams v. NRS Billing Servs., LLC*, No. 16-CV-75-A, 2016 U.S. Dist. LEXIS 98101, at *1-2 (W.D.N.Y. July 27, 2016) ("case law does support allowing a plaintiff to take discovery before moving for default judgment, primarily because a 'motion for class certification will be necessary before default judgment can be entered on behalf of the class'"); *Blazek v. Capital Recovery Assocs.*, 222 F.R.D. 360, 360 (E.D. Wis. 2004) (Plaintiff sought "discovery of defendant in order to determine the composition of the class and the amount of damages," which "information is necessary to enable her to obtain a default judgment…Pursuant to Fed. R. Civ. P. 26(d), I authorized plaintiff to engage in discovery of defendant.").

14. Plaintiff should be permitted to conduct discovery involved in class certification and in determining damages. Otherwise, Defendant will be rewarded by avoiding class liability through its refusal to appear, respond, or defend despite acknowledging receipt of this action.

## **CONCLUSION**

For the reasons set forth herein, the Plaintiff respectfully requests that the Court enter an Order granting Plaintiff leave under Fed. R. Civ. P. 26(d)(1) to conduct discovery of Defendant related to the requirements for class certification under Fed. R. Civ. P. 23, the calls made to Plaintiff, and the calls made to each member of the putative class.

*[Counsel signatures to follow on next page.]*

RESPECTFULLY SUBMITTED AND DATED this 23rd day of February, 2026.

By: /s/ Samuel J. Strauss
Samuel Strauss *(pro hac vice)*
**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: 872-263-1100
Fax: 872-263-1109
sam@straussborrelli.com

Anthony I. Paronich *(pro hac vice)*
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: 617-485-0018
Fax: 508-318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff*

6

## LOCAL RULE 7.01 CERTIFICATION

Pursuant to Local Rule 7.01(a)(1), undersigned counsel certifies that Defendant has not appeared in this action and therefore consultation regarding the relief requested herein was not possible.

By: /s/ Samuel J. Strauss
Samuel Strauss *(pro hac vice)*
**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: 872-263-1100
Fax: 872-263-1109
sam@straussborrelli.com

Anthony I. Paronich *(pro hac vice)*
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: 617-485-0018
Fax: 508-318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff*