# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | | |
|---|---|---|
| MATHEW ROGERS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:25-cv-00963 |
| v. | ) ) ) | Chief Judge William L. Campbell, Jr. Magistrate Judge Luke A. Evans |
| DUKE & CO., LLC d/b/a DYNAMIC CAPITAL, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Pending is Plaintiff's Motion for Entry of Default against Duke & Co., LLC d/b/a Dynamic Capital. (Doc. No. 18). For the following reasons, Plaintiff's Motion is **DENIED without prejudice**.

Plaintiff filed its original complaint on August, 25, 2025. (Doc. No. 1). Summons was issued as to "Duke & Co, LLC d/b/a Dynamic Capital, Registered Agent 222 Marketing LLC, 333 SE 2nd Ave. Suite 2000, Miami, FL 33131 (Doc. No. 6). On October 14, 2025, Plaintiff filed an Affidavit of Service executed by process server, J. Lee Vause, Jr. ("Vause Affidavit"). (Doc. No. 14). Plaintiff explains that this affidavit was filed in error. (Doc. No. 19). On November 24, 2026, Plaintiff filed a Return of Service declaration signed by process server, Luis Mesa ("Mesa Declaration"), stating that on Oct. 10, 2025, he served "JANE DOE as REGUS FRONT DESK CLERK for Duke & Co, LLC d/b/a Dynamic Capital Registered Agent: 222 Marketing, LLC" at the 333 SE 2nd Ave, Miami, Florida address. (Doc. No. 17). On December 2, 2025, Plaintiff filed the pending Motion for Entry of Default. (Doc. No. 18).

1

Pursuant to Local Rule 55.01(a), motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, (1) proof of service and (2) the opposing party's failure to plead or otherwise defend. In support of its Motion, Plaintiff submitted the Declaration of Anthony Paronich. (Doc. No. 19).

Paronich's Declaration explains that following the service efforts of Luis Mesa, he communicated by e-mail with a representative of Defendant, Gregg Mora. *Id.* The e-mail exchange is Exhibit C to Declaration. (Doc. No. 19-3). Neither the Declaration nor the e-mail exchange explain Mr. Mora's relationship to or role with Defendant. But it is clear from the exchange that Mr. Mora challenged the validity of service of process. Despite the challenge, Mora indicated that Defendant would accept service provided Plaintiff prepare and submit a Waiver of the Service and Summons Form AO399 ("AO399 Waiver Form). (Doc. No. 19-3 at p. 4). The filing of an AO399 Waiver Form would have extended Defendant's response deadline from 21 days from service of the summons and complaint to 60 days from the date of the waiver request. Fed. R. Civ. P. 4(d)(3). Plaintiff countered with an offer of a two-week extension of time within which to respond and noted that the alternative would be for Defendant to respond to a motion for default. (Doc. No. 19-3 at p. 3). Mr. Mora responded by again challenging the validity of service, reiterating its offer to accept service, but explaining that it would not waive any time allowed by the Rules. (Doc. No. 19-3, at p. 2-3). Suffice it to say, no agreement was reached, and Plaintiff filed the pending Motion for Entry of Default.

A limited liability company may be served by delivering a copy of the summons and complaint to an "officer, a managing or general agent, or any other agent authorized by appointment of law to receive serve of process." Fed. R. Civ. P. 4(h)(1)(B). It may also be served

2

in the manner prescribed by the Tennessee Rules of Civil Procedure. Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1). When serving a limited liability company pursuant to Tennessee law, a plaintiff must deliver "a copy of the summons and of the complaint to a partner or managing agent of the partnership or to an officer or managing agent of association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association." Tenn. R. Civ. P. 4.04(3).

In this case, Plaintiff served "JANE DOE as REGUS FRONT DESK CLERK" at an address that is both the principal address of Defendant and its Registered Agent on file at the time with the Florida Secretary of State website. (Doc. No. 19-2). Despite the process server's attempt to serve either the Defendant or its registered agent, the record is void of any information or evidence to support the notion that "Jane Doe", the "Regus Front Desk Clerk" is a "managing agent" of the limited liability company or a representative of 222 Marketing, LLC such that she was legally authorized to accept service of process on the company's behalf. The fact that Jane Doe accepted the documents is, alone, insufficient to bind the company.

With respect to service of process, "the record must contain evidence that the defendant intended to confer upon the agent the specific authority to receive and accept service of process for the defendant. Acting as the defendant's agent for some other purpose does not make the person an agent for receiving service of process. Nor is the mere fact of acceptance of process sufficient to establish agency by appointment." *Id.* (internal citations omitted). Alicia Doe's willingness to accept service is simply insufficient to establish the existence of an expressly authorized agency relationship. "[U]nder Tennessee agency principles, express authority comes from a principal's manifestations to an agent, not the agent's manifestations to a third party." *Bryce Co., LLC v. Fed. Ins. Co.*, No. 09-02664, 2010 WL 11602403, at *3 (W.D. Tenn. Oct. 4, 2010). As a result, Plaintiff has provided insufficient information to establish that Jane Doe is an

individual authorized to accept service of process on behalf of the limited liability company.

With regard to Plaintiff's counsel's communication with Mr. Mora regarding the existence of the litigation, Mr. Mora's knowledge of it is irrelevant to the analysis. It is well established in the Sixth Circuit that "[a]ctual knowledge of a lawsuit does not substitute for proper service under Fed. R. Civ. P. 4. *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004). *See also LSJ Inv. Co. v. O.L.D., Inc.,* 167 F.3d 320, 322 (6th Cir. 1999) (The Sixth Circuit "will not allow actual knowledge of a lawsuit to substitute for proper service under Fed. R. Civ. P. 4."). "Rule 4(l)(1) requires that proof of service must be made to the court unless service is waived, and the Plaintiff bears the burden of showing the Defendant has been properly served with process." *Payne v. Tennessee*, No. 2:14-0047, 2014 WL 3362247, at *3 (M.D. Tenn. July 8, 2014), *report and recommendation adopted,* No. 2:14-CV-0047, 2014 WL 5846555 (M.D. Tenn. Nov. 12, 2014) (internal citations omitted).

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties, by default or otherwise. Proper service under Rule 4 is therefore a necessary prerequisite to entry of a default or a default judgment." *Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *3 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019) (internal citations omitted). In this case, the Clerk finds that Plaintiff has not verified proof of service upon Defendant as required by Local Rule 55.01(a)(1).

For the reasons stated herein, Plaintiff's Motion for Entry of Default, (Doc. No. 18), as to Duke & Co., LLC d/b/a Dynamic Capital is **DENIED without prejudice**.

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court
