UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MATHEW ROGERS, individually and on behalf of all others similarly situated, <br><br>     Plaintiff, <br><br> v. <br><br> DUKE & CO, LLC d/b/a/ DYNAMIC CAPITAL, <br><br>     Defendant. | Case No. 3:25-cv-00963 <br><br> Chief Judge William L. Campbell, Jr. <br> Magistrate Judge Luke A. Evans |

## ORDER

Pending before the Court is Plaintiff's motion to conduct discovery prior to a Rule 26(f) conference. (Doc. No. 21.) Plaintiff seeks relief from Rule 26's requirement that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). Plaintiff contends that discovery, prior to a conference with the opposing party, is necessary to gather information that will help him seek a default judgment. (Doc. No. 21.) Plaintiff previously filed a motion for entry of default. (Doc. No. 18.) The Court denied that motion without prejudice, finding that Plaintiff has not verified proof of service on Defendant. (Doc. No. 22.)

The Court has broad discretion to manage pretrial discovery. *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (citation omitted). Plaintiff is putting the cart before the horse, and the Court cannot allow Plaintiff to serve discovery on a party that has not been properly served. In

this instance, Plaintiff has not established that he should be granted relief from Rule 26(d)(1).

Therefore, Plaintiff's motion (Doc. No. 21) is DENIED.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge